# IN THE COURT OF APPEALS OF IOWA

No. 22-1360
Filed October 11, 2023


**NED WILLIAM REYNOLDS JR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____


Appeal from the Iowa District Court for Monona County, Steven J. Andreasen, Judge.


Ned Reynolds Jr. appeals the denial of his application for postconviction relief. **AFFIRMED.**


Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.


Considered by Ahlers, P.J., Badding, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**AHLERS, Presiding Judge.**

In 2009, Ned Reynolds Jr. was convicted of sexually abusing a ten-year-old girl. Our court affirmed his conviction on appeal. *State v. Reynolds*, No. 09-1208, 2010 WL 1875740 (Iowa Ct. App. May 12, 2010). In 2012, Reynolds initiated this postconviction-relief (PCR) action. His PCR application alleged his trial counsel was ineffective in four ways. In 2018, without objection from the State, Reynolds successfully moved to amend his application to add another claim of ineffective assistance of counsel. The added claim contended the prosecutor made two improper statements during opening statement or closing argument[1] that amounted to prosecutorial misconduct to which his trial counsel failed to object.

After a trial, the district court denied all of Reynolds's PCR claims. Reynolds appeals. The only issue he raises on appeal relates to his amended claim that trial counsel was ineffective for failing to object to comments Reynolds contends the prosecutor made during opening statement or closing argument. The district court rejected this claim both because it was barred by the statute of limitations and on the merits. Seeing a clear path to resolution on the merits, we bypass the statute-of-limitations issue.

A PCR claim of ineffective assistance of counsel raises a constitutional issue, so our review is de novo. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). With de novo review, we give weight to the district court's fact findings,

---

[1] The uncertainty over whether the alleged statements were made in opening statement or closing argument and what was said stems from the fact that neither the opening nor closing were reported. Although openings and closings are now required to be reported, *see* Iowa R. Crim. P. 2.19(3) (2023), they were not so required when Reynolds was tried in 2009. *See* Iowa R. Crim. P. 2.19(4) (2009).

especially relating to witness credibility, but we are not bound by them. *Id.*

To prove ineffective assistance of counsel, Reynolds must show by a preponderance of the evidence both that his counsel failed to perform an essential duty and that such failure prejudiced him. *State v. Boothby*, 951 N.W.2d 859, 863 (Iowa 2020). Reynolds's claim is based entirely on his contention that his counsel was ineffective for failing to object to two comments he claims were made by the prosecutor during opening statement and/or closing argument. One comment was along the lines that Reynolds didn't testify because he would have lied to hide the truth. The second comment was along the lines that Reynolds revictimized the ten-year-old girl by going to trial and making her testify.

No one disputes that, if made, such comments would be improper and that Reynolds's counsel would have been obligated to object to them. The difficulty for Reynolds lies in the fact that he has the burden of proving that such comments were made, and meeting that burden is challenging given that the opening statement and closing argument were not reported. Reynolds tried to meet that burden through his testimony, his mother's testimony, and an affidavit from his deceased father. The State countered by calling the prosecutor, who testified that he knew such statements would be improper and he did not make them. Both parties called Reynolds's trial counsel, who testified that he did not recall the prosecutor making any such statements, but if the prosecutor had, he knew well enough to object, move for a mistrial, and raise the issue in a motion for new trial. He inferred from the absence of such actions that the prosecutor did not make the alleged statements.

The district court found the prosecutor and Reynolds's trial counsel more credible than Reynolds, Reynolds's mother, and Reynolds's father and determined the challenged statements were not made. We give deference to such credibility findings, *see Sothman*, 967 N.W.2d at 522, and following our de novo review, we agree with the district court's findings.

The prosecutor testified he had a strong memory of the trial because it was an important case in his career, and he soundly denied having made those statements. Reynolds's defense counsel, who had both prosecution and defense experience in his long career, testified he made a practice of objecting and making a record when something objectionable occurred. His notes from closing arguments do not mention improper statements by the prosecution, and no objection, motion for a mistrial, or claim of prosecutorial misconduct in post-trial motions was made. This testimony supports the conclusion that the challenged statements were not made, especially in light of the district court's credibility findings about the testimony.

Besides the details lending support to the credibility of the witnesses who said no such comments were made, there are also details that detract from the credibility of Reynolds, his mother, and his father. First, none of Reynolds's witnesses are disinterested or neutral. His evidence consisted of his self-serving testimony and that of family members with an incentive to say what was needed to help Reynolds. Second, the length of time between when the statements were allegedly made and the time Reynolds raised an issue about them is suspect, especially considering Reynolds made several complaints about his trial counsel's performance as early as sentencing. Third, the clarity with which Reynolds's

mother's claims to remember the prosecutor making the challenged statements is suspect given her lack of recollection of anything else said during opening or closing or almost any other detail about the trial. Finally, looming over Reynolds's claim is the specter of a botched attempt to garner an additional witness supporting his claim. The State presented the testimony of a witness who has known Reynolds most of their lives. Reynolds contacted her from prison and asked her to provide an affidavit about the prosecutor's statements during opening or closing. Even though the witness told Reynolds she did not attend the trial, Reynolds asked her to prepare an affidavit anyway. He then told her "what had happened" during the trial. Even though she did not attend trial, she prepared an affidavit reporting alleged statements by the prosecutor that are hauntingly similar to those claimed by Reynolds, his mother, and his father. This apparent effort to manufacture evidence in his favor casts doubt on the veracity of the evidence he was able to muster.

We agree with the district court that Reynolds failed to prove that the challenged statements were made. Reynolds's counsel had no obligation to object to statements that were not made, so Reynolds's ineffective-assistance-of-counsel claims fail.

**AFFIRMED.**